UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:11-CR-45-H

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.

ANDREW FIELDS, III                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Suppress and Defendant's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation. Defendant is charged with possession of cocaine, felony possession of a firearm, and possession of a firearm in furtherance of drug trafficking. Magistrate Judge Whalin recently conducted a suppression hearing regarding evidence of a confidential informant's out-of-court identification of Defendant and Defendant's argument that his *Miranda* waiver was invalid. Upon completion of the hearing, the Magistrate Judge submitted a report and his recommendation to deny Defendant's Motion to Suppress, and Defendant submitted his objections shortly thereafter. For the reasons that follow, the Court agrees with the Magistrate Judge's recommendation and Defendant's Motion to Suppress will be denied.

**I.**

Defendant argues that his out-of-court identification by a confidential informant was overly suggestive because it did not comply with standards established in *Eyewitness Evidence: A Guide for Law Enforcement*, a Department of Justice publication. *Eyewitness Evidence* is a compilation of best practices to guide investigations, but it is not binding on law enforcement or district courts. In fact, the handbook itself states that it does "not necessarily reflect the official

position of the U.S. Department of Justice." *Eyewitness Evidence: A Guide for Law Enforcement*, U.S. DEP'T OF JUSTICE (1999), http://www.ncjrs.gov/pdffiles1/nij/178240.pdf. The report "is not intended to create, does not create, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party." *Id.* Thus, the Court may consider recommendations from *Eyewitness Evidence*, but the ultimate question remains whether the identification, when viewed in totality of the circumstances, was overly suggestive.

Here, although the detective conducting the identification could have observed more caution, his behavior did not create an overly suggestive identification. The confidential informant quickly recognized Defendant among the individuals pictured and stated how and from where she knew him. Furthermore, Defendant presents no evidence of the detective directing the informant's attention to Defendant or otherwise distorting the identification process in a way that targeted Defendant. For these reasons, the Court agrees with the Magistrate Judge's finding that the identification was not overly suggestive.

## II.

Next, Defendant argues that he did not knowingly and voluntarily waive his *Miranda* rights. The two main issues of contention are whether the arresting agent advised Defendant of his rights and whether Defendant gave a knowing and voluntary waiver. As to the first issue, the agent's official report mentions that he read Defendant his *Miranda* rights. He similarly referenced *Miranda* rights in notes he recorded after interviewing Defendant. Thus, the Court agrees that the United States sufficiently established that the agent read Defendant his *Miranda* rights.

The second issue is more difficult to decide. To prove that Defendant knowingly and

voluntarily waived his *Miranda* rights, the United States points out that after Defendant was read his *Miranda* rights, he provided agents with personal information and initially answered questions pertaining to the investigation. However, when agents proceeded to ask Defendant about crack cocaine and an AK-47 retrieved from the searched premises, Defendant asserted his right to counsel and requested the presence of his attorney before answering additional questions. The United States argues that by willingly answering questions from agents, then abruptly ceasing cooperation, Defendant demonstrated his understanding of the investigatory nature of his questioning and that he was knowingly and voluntarily cooperating with law enforcement prior to asserting his right to counsel. The Court agrees with this analysis and concludes that the United States has proven that Defendant was read his *Miranda* rights and then knowingly and voluntarily waived them. For these reasons, the Court accepts the Magistrate Judge's report and recommendation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Suppress is DENIED.

cc: Counsel of Record